# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No. 15-1074, <u>David Stebbins v. EduCap, Inc.</u>
        1:14-cv-00961-CMH-TCB

**1. Jurisdiction (for appellants/petitioners only)**
**A. Name of court or agency from which review is sought:**

United States District Court for the Eastern District of Virginia

**B. Date(s) of order or orders for which review is sought:**

Date of Judgment:                                December 23, 2014
Order Denying Motion for Recosideration:     January 14, 2015

**2. Timeliness of notice of appeal or petition for review (for prisoners only)**
Exact date on which notice of appeal or petition for review was placed in institution's internal mailing system for mailing to court:

**3. Issues for Review** Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.**
**Supporting Facts and Argument.**
     The District Court, in ruling on the Defendant's motion for summary judgment, made the decision, on the merits, that it was Plaintiff, not the Defendant, who was lying, as evidenced by his statement "Plaintiff's unsupported protestations - that he never heard of Educap prior to filing this lawsuit and that the signature on the loan application isa forgery - are unpersuasive." (see Dkt. 39, Page 6).

     This is a determination of witness credibility. Therefore, the judgment should be reversed just on this alone.

     It is black letter law that, "[i]n ruling on a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." See Reeves v. Sanderson Plumbing Products, Inc., 530 US 133, 150 (2000). See also Dennis v. Columbia Colleton Medical Center, Inc., 290 F. 3d 639, 645 (4th Cir. 2000).

     Plaintiff did not bring this up in the motion for summary judgment (because he shouldn't have to), but now that Plaintiff has taken a closer look at the evidence, Plaintiff can actually tell, based on handwriting, the exact person, here in Harrison, AR, who personally assisted the Defendants in forging this evidence.

     Of course, in order to show that, Plaintiff would need his day in court, which has, so far, been taken from him.

**Issue 2.**
**Supporting Facts and Argument.**
     Immediately after making this credibility determination, the District Judge stated "That Plaintiff made payments on his loan prior to defaulting is fatal to his argument that the loan application produced by Defendant was the result of foul play."

     First of all, this is another credibility determination.  He is determining that the evidence presented by the Defendants that shows that Plaintiff made payments was not, in an of itself, a forgery.  The Court cannot weigh evidence on a motion for summary judgment; the purpose of summary judgment is not to try the facts, but rather, to determine if there exists any facts to be tried!

     Secondly, even if they prove that one check – that one single solitary check – to be authentic and not just as much a forgery as the rest of the evidence, the bottom line is … offers to pay are not admissible to prove liability for damages.  See Fed.R.Evid. 409.  So it doesn't matter, anyway.

**Issue 3.**
**Supporting Facts and Argument.**
     When dismissing Plaintiff's ADA Retaliation claim, the District court started off by saying that "Defendant's Arkansas lawsuit against Plaintiff was nothing more than a routine collection action taken by a lender against a borrower in default on his loan."

     Again, this is another instance of the Court weighing the evidence on a motion for summary judgment.  He is not ruling that the Plaintiff has failed to plead the element of "causal connection." He is saying that the element has been refuted by the Defendant's evidence.

**Issue 4.**
**Supporting Facts and Argument.**

The District Court then went on to say … "Plaintiff lacks standing to make his A.D.A. claim. He was never employed by the Defendant and Defendant, a private entity, does not operate a public accommodation or service."

The District Court, in making this ruling, is effectively stating that only those entities bound by Titles I, II, and III of the Americans with Disabilities Act are prohibited from engaging in any act of retaliation.

In order to reach this ruling, the Court must ignore the plain text of Section 503 of the Americans with Disabilities Act, which states that "No ***person*** shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

The Act does not define "person," and therefore, the Courts must default to the definition given in 1 USC § 1, which states, in pertinent part, "the words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."

This means that anybody and everybody is covered by Section 503. Literally everybody. Were it not for the First Amendment right to freedom of association, Plaintiff would have a cause of action against his wife (if he had one) for divorcing him, as long as the divorce was filed on the grounds that Plaintiff had filed an ADA discrimination lawsuit.

Please remember the beginning of that last sentence, if it helps to ease the courts' conscience: "Were it not for the First Amendment right to freedom of association." Plaintiff concedes that purely personal relationships are almost entirely outside the jurisdiction of of the federal government. Congress can only regulate personal relationships to the extent that it falls under one of their other powers (such as taxing, spending, and regulating interstate and international commerce).

However, to the extent any regulation under Section 503 of the Americans with Disabilities Act would fall under the Commerce Clause (and this case, unquestionably, does so), the prohibition against retaliation and coercion applies to LITERALLY EVERYBODY!!!

Think about it: As a matter of conscience, wouldn't you *want* the federal courts to provide a remedy to people who have been mugged, or even had their lives or families' lives threatened, by common mobs who attempt to coerce disabled persons – or allies of them – from bringing claims for discrimination? Surely the provisions of Section 503 would apply to those people, right?!

Plaintiff has alleged something similar, here. Plaintiff has alleged that the Defendants were solicited by the local government in Harrison, AR to harass Plaintiff with vexatious litigation, in an attempt to give Plaintiff a taste of **_what they believed to be_** his own medicine.

Without the Court usurping the jury and making credibility determinations, that argument remains plausible. The Court has no authority to make credibility determinations, and as a result, the Court had no authority to throw this claim out.

**Issue 5.**
**Supporting Facts and Argument.**
Next, the District Court stated "Even if Plaintiff's A.D.A. claim is considered, he has failed to articulate any protected activity in which he engaged and therefore cannot establish a prima facie retaliation claim."

This is a flat-out lie. The District Court is not mistaken; he is lying.

The Complaint was filed as Dkt. 1 in the District Court. In that Complaint, Plaintiff laid out his "statutorily protected activities" in ¶¶ 3-9.

Alternatively, in the Defendant's Memorandum in Support of their Motion for Summary Judgment (Dkt. 30), they allege that none of Plaintiff's previous ADA lawsuits concerned the Defendant. According to them, this means that they should be allowed to harass Plaintiff in retaliation for his exercise of litigation however they see fit.

This is a patently frivolous legal argument that should be dismissed out of hand.

Assuming that this is what the District Court was referring to when it stated that Plaintiff had failed to plead a "statutorily protected activity," then the District Court abused its discretion in finding that this argument was not patently frivolous, which leads us to our fifth and final issue:

**Issue 6.**
**Supporting Facts and Argument.**

In granting the Defendant's motion for summary judgment, the District Court implicitly denied Plaintiff's motion for sanctions (Dkt. 31).

Given that the District Court had clearly abused its power under the four Issues mentioned above, that means that the Court clearly abused its discretion in determining that the Defendants had not violated Fed.R.Civ.P. 11.

- The Defendant's request for the Court to make credibility determinations violated literally centuries of binding precedent.

- They allege that Plaintiff never requested injunctive relief against them, which is a clear lie.

- As mentioned just above, they make the patently frivolous legal argument that they have the right to harass Plaintiff with litigation, as long as they had never been made Defendants in any lawsuit Plaintiff had filed up to that point.

Seeing that the Court ate the Defendants' up with a spoon, it goes without saying that he did not consider these to be violations of Fed.R.Civ.P. 11. However, they are. His decision, not only to tolerate them, but not hold them as violations of Rule 11 (with accompanying mandatory sanctions), is a clear abuse of discretion.

4. **Relief Requested Identify the precise action you want the Court of Appeals to take:**
Plaintiff asks that this Court to do the following:

1. Vacate the District Court's order granting the Defendant's Motion for Summary Judgment.
2. Order the District Court to issue sanctions against the Defendant and/or Defense Counsel, for violating Fed.R.Civ.P. 11.
3. Warn the District Court that it is not allowed to weigh evidence or determine the credibility of witnesses on a motion for summary judgment, motion for judgment on the pleadings, motion for directed verdict, or any other dispositive motion.

**5. Prior appeals (for appellants/petitioners only)**
**A. Have you filed other cases in this Court?** Yes [X] No [ ]

**B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?**

    Plaintiff has filed a Petition for Writ of Mandamus in this Court, given Case No. 14-2409. To the best of Plaintiff's knowledge and belief, this case has yet to be ruled on.

_[signature]_
Signature
[Notarization Not Required]

David A. Stebbins
[Please Print Your Name Here]

## CERTIFICATE OF SERVICE
************************

I certify that on **February 3, 2015** I served a copy of this Informal Brief on all parties, addressed as shown below:

8300 Greensboro Dr.,
Suite 1100
Tysons Corner, VA 22102

_[signature]_
Signature