IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| DAVID STEBBINS, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) CASE NO.: 15-1074 |
| EDUCAP INC. | ) |
| Defendant-Appellee. | ) |

### APPELLEE EDUCAP INC.'S INFORMAL RESPONSE BRIEF

Appellee, EduCap Inc. ("EduCap"), by counsel, files the following Informal Response Brief in opposition to Appellant, David Stebbins' ("Mr. Stebbins") appeal and respectfully requests that this Court affirm the trial court's ruling in this matter and dismiss Mr. Stebbins' appeal.

### I.    INTRODUCTION

On July 28, 2014, Appellant, Mr. Stebbins filed a Complaint against EduCap alleging that EduCap committed various acts of wrongdoing in connection with the collection of a student loan debt. In short, on January 2, 2014, EduCap filed a lawsuit against Mr. Stebbins to collect on a delinquent student loan debt (the "Collection Action"). Mr. Stebbins responded to the Collection Action by filing a Motion to Dismiss alleging lack of proper service of process. EduCap decided to voluntarily dismiss the Collection Action without prejudice due to the alleged service of process issue. Mr. Stebbins then filed a Complaint against EduCap, in the United States District Court for the Eastern District of Virginia, attempting to assert causes of action for malicious prosecution and a violation of 42 U.S.C. §

1

12203(a) of the Americans with Disabilities Act ("ADA"). Compl. (Dkt No. 1). Mr. Stebbins lawsuit requests injunctive relief plus over $10,000,000 in damages. *Id.* at Compl. ¶ 86.

Because the Complaint did not allege any facts supporting a plausible claim for relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), EduCap moved for summary judgment against Mr. Stebbins pursuant to Fed. R. Civ. P. 56. By Memorandum Opinion and Order dated December 23, 2014, the District Court granted EduCap's Motion for Summary Judgment and dismissed Mr. Stebbins' Complaint in its entirety. Dkt. Nos. 39-40. On appeal Mr. Stebbins has cited five alleged errors on the part of the District Court associated with the December 23, 2014, Opinion and Order, and one alleged error with respect to the dismissal of a Motion for Sanctions filed by Mr. Stebbins against EduCap.[1] Mr. Stebbins noted an appeal to this Court on January 12, 2015. Dkt. No. 42.

EduCap respectfully submits that the trial court's rulings in this case were well founded. Mr. Stebbins' Complaint failed to articulate any actionable claim against EduCap. Additionally, there is no genuine material fact regarding whether Mr. Stebbins owes the debt which forms the basis of the Collection Action. As a result, the District Court's ruling should be affirmed.

## II.     STANDARD OF REVIEW

The appellate standard of review of a district court's granting of summary judgment is *de novo*. *M & M Medical Supplies and Serv., Inc., v. Pleasant Valley Hosp., Inc.,* 981 F.2d 160, 163 (4th Cir. 1993). A party moving for summary judgment need only show the court there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once this showing has been made, it becomes the burden of the non-moving party to go beyond the pleadings and come forward with concrete evidence in the form of

---

[1] On November 18, 2014, Mr. Stebbins filed a Motion for Sanctions against EduCap. Dkt No. 31. The Motion for Sanctions was effectively dismissed when the Final Order of Dismissal was entered by the District Court on December 23, 2014. Dkt. No. 40.

2

"specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)(quoting Fed. R. Civ. P. 56(e). To establish that an issue is "genuine," a non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Rather, the non-moving party bears a significant burden to produce the quantum of proof required to preclude judgment against it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. However, the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (*citing Barwick v. Celotex Corp.,* 736 F.2d 946, 963 (4th Cir. 1984)).

In the present action, the allegations and evidence even when viewed in a light most favorable to Mr. Stebbins, fail to support his allegations of malicious prosecution and for violation of Section 12203 of the ADA, rendering summary judgment appropriate. For this reason, this Court should affirm the District Court's granting of EduCap's Motion for Summary Judgment.

### III. ARGUMENT

**A. The District Court Properly Dismissed Mr. Stebbins' Claim for Malicious Prosecution.**

Mr. Stebbins' first and second issues on appeal assert that the District Court incorrectly made a determination regarding witness credibility when granting EduCap's Motion for Summary Judgment with respect to his malicious prosecution claim. *See* Opening Br. 1. Mr. Stebbins requests that the District Court's judgment be reversed due to a statement contained in the Memorandum Opinion that

Mr. Stebbins' allegation that "he never heard of EduCap prior to the filing of the lawsuit" and that "the signature on the loan application [was] a forgery" were "unpersuasive." *Id.* Additionally, Mr. Stebbins argues that the District Court made an improper credibility determination when finding that "Plaintiff made payments on his loan prior to defaulting" which was considered "fatal to his argument that the loan application produced by Defendant was the result of foul play." *Id.* at 2. Based upon the evidence presented in support of EduCap's Motion for Summary Judgment, it is clear that the malicious prosecution claim was properly dismissed.

First, Mr. Stebbins' incorrectly characterizes the District Court's ruling as based upon a credibility determination. The case of *Russell v. Microdyne Corp.,* 65 F.3d 1229, (4th Cir. 1995), provides in pertinent part:

> [T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla' of evidence, and must produce evidence sufficient for a reasonable jury to find in her favor. Summary judgment is thus appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the nonmoving party has the burden to prove.

*Id.* at 1239-40. (citations omitted). Here, the District Court's Memorandum Opinion makes clear that Mr. Stebbins has "failed to establish a prima facie case" for malicious prosecution under "Arkansas law because EduCap undeniably had probable cause to bring its Arkansas lawsuit." Dkt. No. 39. Mr. Stebbins' failure to establish evidence sufficient to support a finding of lack of probable clause, which is an essential element to a claim for malicious prosecution, was the basis of the District Court's grant of summary judgment in favor of EduCap.

Probable cause is defined as "a state of facts or credible information that would cause a person of ordinary caution to believe the defendant is liable and a lawsuit against him might be successful." *Stokes v. S. States Co-op., Inc.,* 651 F.3d 911, 917 (8th Cir. 2011) (citations omitted). In the instant case,

4

the determination by the District Court that EduCap had probable cause to file the Collection Action was supported by numerous documents attached to EduCap's Motion for Summary Judgment, and authenticated by the affidavit of EduCap's Custodian of Records Zabrina Shepherd. These documents include, but are not limited to, a copy of the Combined Private Education Loan Application and Promissory Note, disbursement check, and loan payments, all of which contain the signature of Mr. Stebbins. *See* Motion for Summary Judgment (Dkt. No. 30), p. 2-4.

Mr. Stebbins did not identify any specific facts which plausibly supported his claim that EduCap had no probable cause to bring the Collection Action. Instead, Mr. Stebbins offered nothing more than unsupported self-serving statements that he did not owe the debt at issue and that the signature on the loan contract was a forgery. Mr. Stebbins' general denial of liability, which was directly contradicted by both the affidavit and documents submitted in support of EduCap's Motion for Summary Judgment, was insufficient to show a genuine issue for trial. *Zenith Radio Corp.,* 475 U.S. at 587 (It is well established that once the moving party has established the absence of a genuine issue of material fact, the non-moving party may not rest on the allegations or denials in its pleadings, but must come forward with specific facts showing a genuine issue for trial.). Even assuming, *arguendo,* that Mr. Stebbins had asserted sufficient facts indicating a forgery of the loan contract, EduCap would still have established circumstances, *i.e.* the unpaid loan and numerous other loan documents signed by an individual named David Stebbins, warranting a finding of probable cause for bringing the Collection Action.

Mr. Stebbins failed to allege a plausible claim for malicious prosecution or set forth any facts showing a genuine issue of material fact, as a result the District Court correctly dismissed Mr. Stebbins' claim for malicious prosecution. For all of the reasons set forth above, the District Court's dismissal of Mr. Stebbins' malicious prosecution claim should be affirmed.

### B. The District Court Properly Dismissed Mr. Stebbins' Claim for Retaliation under the ADA.

Mr. Stebbins also asserts that the District Court improperly dismissed his claim for violation of the retaliation provisions codified in 42 U.S.C. § 12203 of the ADA. Mr. Stebbins' third issue on appeal concerns the statement contained in the Memorandum Opinion that the Collection Action "was nothing more than a routine collection action taken by a lender against a borrower in default on his loan." *See* Opening Br. 2. Mr. Stebbins improperly concludes that this statement by the District Court was improper and "another instance of the Court weighing the evidence." *Id.* As discussed *infra,* Mr. Stebbins produced no evidence which plausibly indicated that the Collection Action was filed for any other purpose than to collect on Mr. Stebbins' loan which is in default. As a result summary judgment in this case was appropriate.

As his fourth issue on appeal, Mr. Stebbin's argues that the District Court erred in its ruling that he lacked standing to bring an ADA retaliation claim against EduCap, because he was never employed by EduCap, and EduCap is a private entity that does not operate a public accommodation or service. *Id.* at 3. Mr. Stebbins asserts that the retaliation provisions are not bound by Titles I, II, and III, of the ADA. *Id.* In essence, he argues that the ADA retaliation provisions apply to any person, in any context, which is not supported by the plain language of the statute. *Id.*

The statutory text on this issue is clear, 42 U.S.C. § 12203(c) provides: "The remedies and procedures available under sections 12117, 12133, and 12188 [Subchapters I, II, and III] of this title shall be available to aggrieved persons for violations of [the ADA anti-retaliation provisions], *with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively."* 42 U.S.C. § 12203(c) (emphasis added). Thus, the prohibition of retaliation found in Title IV of the ADA, applies

6

to efforts to enforce all three of the substantive titles of the ADA, which only apply to employment (Title I), public services provided by public entities (Title II), and public accommodations and services operated by private entities (Title III). *See Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1181 n.31 (11th Cir. 2003)(addressing retaliation claims in the context of employment, public services, and public accommodations). Therefore the District Court's dismissal of Mr. Stebbins' ADA retaliation claim for lack of standing should be affirmed.

As his fifth issue on appeal, Mr. Stebbins' disputes the District Court's finding that he failed to articulate any statutorily protected activity, a required element of a prima facie retaliation claim. *See* Opening Br. 4. Mr. Stebbins' asserts in his Opening Brief that the alleged statutorily protected activity is stated in Paragraphs 3-9 of the Complaint. *Id.* It appears that Mr. Stebbins may be seeking to allege that the statutorily protected activity was his filing of numerous ADA lawsuits against various different entities. It is important to note that none of those lawsuits have any connection to EduCap, or name EduCap as a party. Therefore it remains unclear how this activity could possibly be considered a statutorily protected activity which forms the basis of a retaliation claim.

Moreover, the issue of statutorily protected activities usually arises in the context of an employer retaliating against an employee because she has opposed the employer's discriminatory practices. The ADA and Title VII all have virtually identical definitions and liability schemes and Courts regularly rely on Title VII decisions in interpreting ADA retaliation cases. Here, Mr. Stebbins' fails to articulate in his Opposition to EduCap's Motion for Summary Judgment, or in his Opening Brief on appeal, any facts or law that would support his claim, or provide any basis for his attenuated theory that filing lawsuits against unrelated parties qualifies as a statutorily protected activity under the ADA.

### C. The District Court Properly Dismissed Mr. Stebbins' Motion for Sanctions.

On November 18, 2014, Mr. Stebbins filed a Motion for Sanctions arguing that EduCap's Motion for Summary Judgment contained "patently frivolous legal arguments." Sanction's Motion at ¶ 1, (Dkt. No. 31.) As evidenced by the District Court's Memorandum Opinion, EduCap's arguments raised in its Motion for Summary Judgment were well-grounded in fact and warranted by existing law. As a result, there is no basis for an award of sanctions against EduCap. Moreover, Mr. Stebbins' failed to comply with the mandatory 21-Day "Safe Harbor" Provision which is a predicate to bringing a Motion for Sanctions. The District Court's decision to dismiss the Motion for Sanctions should be affirmed.

### IV.    CONCLUSION

For the reasons set forth above, Appellee, EduCap, Inc. respectfully requests that the United States Court of Appeals for the Fourth Circuit affirm the United States District Court for the Eastern District of Virginia's dismissal of the Complaint against EduCap.

Dated: February 27, 2015

                Respectfully submitted,

                EDUCAP, INC.

                By:      /s/
                      D. Margeaux Thomas, Esq.
                      Virginia State Bar No. 75582
                      WILLIAMS MULLEN, P.C.
                      8300 Greensboro Drive, Suite 110
                      Tysons Corner, Virginia 22102
                      Telephone: (703) 760-5216
                      Facsimile: (703) 748-0244
                      mathomas@williamsmullen.com
                      *Counsel for Appellee, EduCap Inc.*

**CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS**

TO BE INCLUDED IMMEDIATELY BEFORE THE CERTIFICATE OF SERVICE FOR ALL BRIEFS FILED IN THIS COURT.

1. This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

    \_\_\_\_ Fourteen point, proportionally spaced, serif typeface (such as CG Times or Times New Roman, NOT sans serif typeface such as Arial). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point):

    **X** Twelve point, monospaced typeface (such as Courier or Courier New). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, Courier, 12 point):
    **Microsoft Word, Times New Roman, 12 Point**

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, the brief contains (SELECT AND COMPLETE ONLY ONE):

    _____ Pages (give specific number of pages; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief unless brief is within word or line limits listed below); OR

    **X**   **2,835**   Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief); OR

    _____ Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for briefs prepared in monospaced type such as Courier or Courier New).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

/s/ D. Margeaux Thomas
Signature of Filing Party

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2015, a copy of the foregoing Informal Response Brief of Appellee, EduCap, Inc. was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. I further certify that on this 27th day of February, 2015, a copy of the foregoing was mailed first call, postage prepaid, to:

> David A. Stebbins
> 123 W. Ridge Street, Apt. D
> Harrison, Arkansas 72601

> /s/ D. Margeaux Thomas
> D. Margeaux Thomas (VA Bar # 75582)
> WILLIAMS MULLEN
> 8300 Greensboro Drive, Suite 1100
> Tysons Corner, Virginia 22102
> Telephone: 703.760.5216
> Facsimile: 703.748.0244
> mathomas@williamsmullen.com
> *Counsel for Appellee EduCap Inc.*